**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
BENSON LEE, BAR NO. 4313.

No. 66674

FILED

FEB 06 2015

*JAMIE K. LINDEMAN*
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Benson Lee. Under the agreement, Lee admitted to violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.15 (safekeeping property), RPC 3.2 (expediting litigation), RPC 3.4 (fairness to opposing party and counsel), RPC 5.3 (responsibilities regarding nonlawyer assistants), and RPC 8.4 (misconduct).

The agreement provides for a six-months-and-one-day stayed suspension, and a two-year probation with the following conditions: (a) Lee must not receive any grievances that result in discipline during his probation; (b) he must complete, in addition to the normal continuing legal education (CLE) requirements, six CLE hours in office management and ten hours in ethics, before December 31, 2015, and these CLE hours are to

SUPREME COURT
OF
NEVADA

(O) 1947A

15-03955

be taken live unless the State Bar approves otherwise; (c) Lee must have a mentor that is approved by the State Bar to review his practice and implement any necessary changes, and the mentor must provide quarterly reports during the probation and notify the State Bar of any problems[1]; (d) Lee must file, within 90 days of the date of the hearing, an interpleader action regarding the remaining funds that have been maintained in his trust fund on behalf of his former employee client Iris Contreras; and (e) Lee shall pay the costs of the disciplinary proceeding, excluding Bar Counsel and staff salaries, within 30 days for receipt of a billing statement from the State Bar.

Based on our review of the record, we conclude that the guilty plea agreement should be approved with the clarification that the time periods for the discipline commence on the date that this order is filed. *See* SCR 113(1). We hereby impose a six-months-and-one-day stayed suspension, and a two-year probation. Additionally, Lee must comply with all of the conditions in the plea agreement, as outlined above, and shall

---

[1]The agreement states that if Lee is able to find a mentor, he can begin the two-year probationary period prior to this court ruling on this matter. As clarified in this order, the discipline commences on the date this order is filed.

pay the costs of the disciplinary proceedings, excluding Bar Counsel and staff salaries, within 30 days of receipt of the State Bar's bill of costs. *See* SCR 120.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:   David Clark, Bar Counsel
Benson Lee
Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Panel
Kimberly Farmer, Executive Director, State Bar of Nevada